IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTIANA CARE HEALTH SERVICES, INC.,<br><br>Plaintiff;<br><br>v.<br><br>PMSLIC INSURANCE COMPANY,<br><br>Defendant. | Civil Action No. 14-1420-RGA |

MEMORANDUM ORDER

Presently before the Court is a discovery dispute between Plaintiff Christiana Care Health Services, Inc. and Defendant PMSLIC Insurance Company. Christiana Care "seeks the production of documents relating to PMSLIC's pre-verdict evaluation of the settlement value, verdict value, anticipated outcome or prospects of settlement for the *Houghton* case." (D.I. 57 at 1). PMSLIC has withheld portions of these documents on the basis of attorney-client privilege and work product protection. (D.I. 58 at 1). At the Court's request, PMSLIC submitted the unredacted withheld communications for ex parte, in camera review. (*See* D.I. 61).

This case arises out of PMSLIC's allegedly wrongful conduct in an underlying medical liability action (the "Houghton Action") against PMSLIC's insured, Dr. Shapira. (D.I. 1-1 at 8–9). PMSLIC retained John A. Elzufon, Esq. to represent Dr. Shapira and his medical practice in the Houghton Action. (*Id.* at 13). Dr. Shapira assigned to Christiana Care his claims against PMSLIC in connection with the Houghton Action. (*Id.* at 23–24).

If an insurer retains counsel to represent the common interest of the insurer and its insured in defending a lawsuit against the insured, the insurer cannot claim attorney-client

privilege or work product protection for its communications with counsel related to that representation. *Athridge v. Aetna Cas. & Sur. Co.*, 184 F.R.D. 181, 186–87 (D.D.C. 1998). Attorney-client privilege and work product protection likewise may not be asserted against the insured's assignee. *See id.* at 187. Christiana Care argues that PMSLIC therefore cannot assert claims of attorney-client privilege or work product protection against it with respect to information relating to its assessment of settlement value or prospects for settlement in the Houghton Action. (D.I. 57 at 2).

PMSLIC maintains, however, that it has produced to Christiana Care all documents in which communications between PMSLIC and counsel were made in furtherance of the joint interests of PMSLIC and its insured regarding the Houghton action. (D.I. 58 at 2). PMSLIC argues that its "withholding of documents pertaining to PMSLIC's sole interest," as it diverged from Dr. Shapira's interest, is valid. (*Id.* at 2); *see Eureka Inv. Corp., N.V. v. Chicago Title Ins. Co.*, 743 F.2d 932, 937 (D.C. Cir. 1984) (holding that certain communications between an insured and joint counsel were not discoverable by the insurer because "both the insured and the joint attorneys thought that they had begun a separate, individual representation of the insured on the insurance bad-faith claim that was distinct from the underlying liability action.").

"The burden of proving that the (attorney-client) privilege applies is placed upon the party asserting the privilege." *Matter of Grand Jury Empanelled Feb. 14, 1978*, 603 F.2d 469, 474 (3d Cir. 1979) (quoting *United States v. Landof*, 591 F.2d 36, 38 (9th Cir. 1978)) (internal quotation marks omitted). After reviewing the documents in camera, I am not convinced that the withheld communications were made pursuant to a separate attorney-client relationship between PMSLIC and Mr. Elzufon. No separate attorney-client relationship is self-evident from the

2

documents and PMSLIC submitted no affidavit in support of its existence. I therefore conclude that PMSLIC has not met its burden to prove that attorney-client privilege or work product protection applies.

**IT IS HEREBY ORDERED** that PMSLIC produce the withheld communications.

Entered this  10  day of November, 2015.

*Richard G. Andrews*
United States District Judge